UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID BRIOLAT,

     Plaintiff,                         Case No.               -CD
                                              Honorable

v.

Heller Machine Tools L.P.,
     Defendant.
_____

LAW OFFICES JEFFREY S. BURG, ESQ.
Jeffrey S. Burg (P38381)
Attorney for Plaintiff
30700 Telegraph Rd., Ste. 1675
Bingham Farms, MI  48025
Tel.:(248) 227-5027
Fax: (248)856-1258
jburg@comcast.net

_____

**COMPLAINT AND JURY DEMAND**

Plaintiff, David Briolat ("Plaintiff" or "Briolat") complains against Heller Machine Tools, L.P. ("Defendant" or "Heller") as follows:

## INTRODUCTION

1. This is a discrimination and retaliation action brought pursuant to the Family and Medical Leave Act of 1993 ("FMLA"), 29 USC 2601 et seq., and the Michigan Persons With Disabilities Civil Rights Act ("PWDCRA"), M.C.L. 37.1401, et seq.

2. In this action, Briolat seeks equitable relief and legal damages to enforce his rights under the FMLA and PWDCRA to be free from discrimination and retaliation on the basis of his need for medical leave, his disability or because of a perceived disability.

## JURISDICTION, VENUE, & PARTIES

3. Briolat is an individual residing in the City of Sterling Heights, County of Macomb, State of Michigan.

4. Heller Machine Tools L.P. a limited partnership organized under the laws of the State of Delaware, and doing business nationwide but in particular in Troy, Michigan.

5. This Court has subject matter jurisdiction over Plaintiff Briolat's FMLA claim pursuant to 28 U.S.C. §§1331 and 1343(a)(4).

6.  This Court may also exercise pendant jurisdiction over Plaintiff's state law claims arising under the statutes of the State of Michigan, and which arise from a common nucleus of operative fact pursuant to 28 USC 1367.

7.  Briolat also claims damages in excess of $75,000.00.

## STATEMENT OF FACTS

8.  Plaintiff Briolat repeats and realleges the preceding paragraphs as though fully stated herein.

9.  Plaintiff was hired by Defendant in May, 2000, and at all times worked twelve months of the year, full-time, and in each year, including in the final year of his employment with Defendant, worked more than 1,250 hours.

10. Defendant has more than fifty employees at the location at which Plaintiff was employed.

11. At all times Plaintiff performed the duties of his job competently and gave no reason based on performance for Defendant to discharge Plaintiff's employment at any time.

12. Plaintiff made it known to Defendant that Plaintiff had conditions of high blood pressure, high cholesterol, depression, acid reflux and alcoholism.

13. On 12/12/18, on Defendant's premises, Plaintiff went out to his car shortly after punching in to get his medications.

14. Plaintiff was only out of the building a few minutes.

15.    Plaintiff's co-workers who do not have disabilities or are not perceived to have disabilities regularly leave the company building to smoke and/or go to their car for the same amount of time or for much longer than Plaintiff took to go to his car to get his medications.

16.    When Plaintiff returned to the building, he was confronted by his manager and taken to human resources.

17.    Plaintiff reminded his manager and human resources that he had medical conditions and needed his medications from his car.

18.    Plaintiff also requested a medical leave of absence because of his conditions.

19.    The human resources representative told Plaintiff to "get help," handed Plaintiff a business card for a company that gives employee assistance, and terminated Plaintiff's employment on or about December 12, 2018.

## COUNT I-VIOLATION OF FMLA

20.    Plaintiff repeats and realleges the preceding paragraphs as though fully stated herein.

21.    Defendant interfered with Plaintiff's FMLA rights, and retaliated against Plaintiff for requesting FMLA leave, and therefore violated Plaintiff's rights under the FMLA.

22. As a direct and proximate result of Defendant's actions, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities.

## COUNT II

## VIOLATION OF MICHIGAN'S
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT

23. Plaintiff incorporates all of the foregoing allegations by reference as though stated in full herein.

24. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of MCL 37.1103 et seq.

25. Plaintiff has a physical impairment that substantially limits one or more of his major life activities, has a record of the impairment, and/or is regarded by Defendant as having the impairment.

26. Plaintiff is an individual who, with or without reasonable accommodation, can perform the essential functions of his job as a CNC machine builder at Defendant's facility.

27. In rejection of Plaintiff's request for accommodation, even though Defendant had available methods of accommodation which were not burdensome to Defendant in any manner, Defendant failed to engage in an

interactive process with Plaintiff and refused to accommodate Plaintiff's request for accommodation.

28. Defendant's failure to make reasonable accommodations for Plaintiff, failure to engage in the interactive process with Plaintiff, and Defendant's termination of Plaintiff's employment, constitutes discrimination against Plaintiff in respect to the terms, conditions, or privileges of employment in violation of the PWDCRA.

29. Defendant conducted itself with malice and/or with reckless indifference to Plaintiff's protected rights.

30. As a direct and proximate result of Defendant's discrimination on the basis of Plaintiff's disability or perceived disability, Plaintiff has suffered lost wages, benefits, and loss of employment opportunities. In addition, Defendant's failure to make reasonable accommodation to Plaintiff and by terminating Plaintiff's employment, has caused and continues to cause Plaintiff to suffer substantial damages for pecuniary losses, mental, emotional and physical pain and anguish, loss of enjoyment of life, and other nonpecuniary losses.

Respectfully submitted,

**LAW OFFICES OF JEFFREY S. BURG**

/s/ *Jeffrey S. Burg*_____
Jeffrey S. Burg P38381
30700 Telegraph Road, Ste. 1675
Bingham Farms, MI   48025
248-227-5027
Dated:  June 16, 2020                    jburg@comcast.net

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

**LAW OFFICES OF JEFFREY S. BURG**

/s/ *Jeffrey S. Burg*_____
Jeffrey S. Burg P38381
30700 Telegraph Road, Ste. 1675
Bingham Farms, MI   48025
248-227-5027
Dated:  June 16, 2020                    jburg@comcast.net